Injunction dissolved. See 10 Yin. Ab. 578, (new edit.) tit. Execution (C. a.), which cites Higgens’s case, Cro. Jac. 320. If a man has one execution against the bail he shgll never have execution after against the principal, for he has made his election by the first execution. So if the principal be in execution he cannot take the bail. See Walker v. Alder, Styles, 117, and Price v. Goodrick, Styles, 387. But, says Viner, if the bail be taken in execution in B. R. and pays part, yet, if the bail be let at large, execution may be against the principal afterwards; and this is the constant practice of the court; and it seems that Higgens’s case, Cro. Jac. 320, is to be intended where the bail were in custody. Felgate v. Mole, 1 Sid. 107; Clarke v. Clement, 6 T. R. 525. One of two joint defendants discharged on ca. sa. by plaintiff, the other cannot be taken. Hayling v. Mulhall, 2 W. Bl. 1235; Freeman v. Freeman, Cro. Jac. 549. Execution issued against the bail, yet the plaintiff may charge the principal, unless it be shown that he was satisfied by the execution against the bail. Whitacres v. Hamkinson, Cro. Car. 75. Two are jointly and severally bound, and judgment had against one. In debt against the *201 other, he pleaded that the first being in exeeuiion on, a ca. sa. the sheriff voluntarily let him go at large; but adjudged that the creditor may take out execution against the other: for execution without satisfaction is no bar, though the sheriff suffered him to. escape voluntarily, so as plaintiff is entitled to an action against the sheriff. But if he let him go by license of the creditor, then the other had been discharged, and it might have been pleaded.